UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JESUS GABRIEL JACOBO MORENO | CIVIL ACTION NO. 6:09-cv-0815 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| OMEGA PROTEIN, INC. | BY CONSENT OF THE PARTIES |

### RULING ON MOTION

Currently pending before the Court is defendant Omega Protein, Inc.'s motion to dismiss. (Rec. Doc. 25). Oral argument was held on March 23, 2011. Present in court were P. Craig Morrow, Jr., counsel for the plaintiff, Jesus Gabriel Jacobo Moreno, and Alan K. Breaud, counsel for the defendant, Omega Protein, Inc. For the reasons fully explained below, and those articulated during the hearing, the motion will be granted.

### DISCUSSION

Mr. Moreno filed this lawsuit on May 18, 2009, alleging that he was employed by Omega as a fisherman on May 19, 2006, when he sustained a back injury due to Omega's alleged negligence and the alleged unseaworthiness of the fishing vessel HELGE HOVLAND. Allegations set forth in the Rule 26 report (Rec. Doc. 9) mirror those set forth in the complaint. On August 2, 2010, the defendant propounded

requests for admissions to the plaintiff.(Rec. Doc. 25-3 at Exhibit A). The discovery was answered by Mr. Moreno's counsel, but the answers were not verified by Mr. Moreno. (Rec. Doc. 25-3 at Exhibit B). The defendant noticed Mr. Moreno's deposition for January 17, 2011 (Rec. Doc. 25-3 at Exhibit C), but Mr. Moreno failed to appear. Interrogatories and requests for production were also propounded to the plaintiff and remain unanswered. (Rec. Doc. 25-3 at Exhibit E)

This lawsuit was filed almost three years after the alleged accident and has been pending for almost two years. Mr. Moreno lives in Mexico. He has told his counsel that he is unable to return to the United States legally. Mr. Moreno's counsel has diligently attempted to maintain communications with Mr. Moreno but, through no fault or lack of effort on the part of his counsel, Mr. Moreno failed to answer discovery and failed to appear for his deposition and other delays in moving the litigation forward have occurred.

Multiple status conferences have been held in this matter. On March 9, 2010, Mr. Moreno's counsel provided the court with a letter (Rec. Doc. 19) concerning the status of the matter and advising he had been in contact with Mr. Moreno by telephone and e-mail. Counsel advised Mr. Moreno he could no longer represent him and had complied with the scheduling order. On March 29, 2010, the undersigned ordered Mr. Moreno to respond to his counsel's request for clarification concerning

his intentions with regard to the lawsuit. (Rec. Doc. 20). No response was received. On July 21, 2010, the trial date was upset, and Mr. Moreno's counsel was ordered to investigate whether it would be possible to proceed with the litigation without the participation of his client. (Rec. Doc. 24). However, it appears that the alleged accident was either unwitnessed or there was a witness to the accident who remains unidentified five years after the fact.

In a letter dated February 1, 2011 (Rec. Doc. 29), Mr. Moreno's counsel explained his most recent efforts to communicate with his client. At the hearing on March 23, 2011, Mr. Moreno's counsel submitted a timeline and a number of documents further delineating his attempts to communicate with his client during this litigation. (Plaintiff's Exhibit A).

The Court finds that the plaintiff has repeatedly been made aware by his counsel of the necessity for him to participate in the prosecution of this action with no action in response taken by Mr. Moreno.

Rule 41(b) of the Federal Rules of Civil Procedure permits an action to be dismissed if the plaintiff fails to prosecute the action.[1] Under this rule, the Court has discretion to dismiss an action with or without prejudice.[2]

---

[1] *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987).

[2] *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

A Rule 41(b) dismissal with prejudice is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.[3]

A clear record of delay exists when there have been significant periods of total inactivity in the litigation.[4] Contumacious conduct does not arise from a party's negligence, even if the conduct is careless, inconsiderate, or exasperating; rather, it is characterized by a stubborn resistance to authority.[5] The Court finds that, in this case, there have been significant periods of inactivity constituting a clear record of delay, but there is no evidence of contumacious behavior.

Lesser sanctions do not serve the best interests of justice when their imposition would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.[6] In this case, the Court finds that Mr. Moreno's failure to respond to his attorney and the orders of this Court would make any lesser sanctions futile.

---

[3] *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008), citing *Callip v. Harris County*, 757 F.2d at 1521; *Salinas v. Sun Oil*, 819 F.2d at 106.

[4] *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir. 1984).

[5] *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008).

[6] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

To justify dismissal with prejudice, there usually should also be evidence of at least one of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.[7]

In this case, it is clear that Mr. Moreno's counsel has expended a great deal of time and effort attempting to maintain effective communications with, and cooperation from, his client. Accordingly, the Court finds that the delay in prosecuting this case must be attributed to Mr. Moreno himself and not to his counsel. The Court also finds that Omega has been prejudiced by the delay. Omega has been unable to depose the plaintiff, has been unable to determine whether there were witnesses to the alleged accident, has been unable to investigate Mr. Moreno's alleged injuries and the treatment he has received for those injuries, and has been unable to have this matter resolved in a timely fashion. The Court further finds that the delay in moving this lawsuit along can be attributed to intentional conduct on the part of Mr. Moreno in that he has made a series of choices that have delayed the prosecution of this matter.

---

[7] *Bryson v. United States*, 553 F.3d at 403-04, citing *Callip v. Harris County*, 757 F.2d at 1521.

Therefore, after review of the pleadings, consideration of oral argument by the parties, and analysis of applicable law, and for the reasons orally assigned,

IT IS ORDERED that the defendant's motion to dismiss (Rec. Doc. 25) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's claims against the defendant are DISMISSED WITHOUT PREJUDICE.

Signed at Lafayette, Louisiana, on March 22nd , 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)